■　In the Matter of the ONEONTA URBAN RENEWAL AGENCY, Respondent, v FARONE REALTY, INC., Appellant, and NEW YORK STATE GAS & ELECTRIC CORP. et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered July 16, 1974 in Otsego County, which granted plaintiff's motion to reject a report of Commissioners of Appraisal and directed a new hearing before newly appointed Commissioners of Appraisal. Involved is the valuation of a two-story commercial restaurant taken as part of an urban renewal project located in the City of Oneonta and formerly owned by appellant. Three Commissioners of Appraisal were appointed and all attorneys for the parties involved waived objection to the appointment of Albert A. Baldo, Esq., then Acting City Court Judge of the City of Oneonta as one of the three commissioners. Before the condemnation hearings began, Baldo was appointed City Attorney for the City of Oneonta but again when he informed the attorneys for both parties of his new position there was no objection raised to his continuation as a commissioner. A hearing was then held, evidence taken, and on January 14, 1974 Baldo and the other serving commissioner, the third having died and the parties having agreed that the two remaining commissioners should proceed alone, submitted their unanimous findings. On February 2, 1974 respondent served a notice of motion to reject the report of the commissioners and among its exceptions asserted for the first time a claim that Baldo had not been a disinterested commissioner as required by section 13 of the Condemnation Law. Special Term, noting that "hard feeling" had arisen between Baldo, as City Attorney, and the executive director of the Oneonta Urban Renewal Agency about a month before the commissioners' report was filed, held that the "possibility of subconscious bias requires a hearing before a new commission" and thereupon rejected the commissioners' report without reaching any of the other issues raised. We find no basis to disturb Special Term's exercise of discretion. Proceedings such as the instant one must be above the slightest suspicion, and the actual integrity and good faith of the commissioner need not be even questioned *(New York State Elec. & Gas Corp. v O. & W. Lines,* 19 AD2d 667). A mere trace or suspicion of subconscious bias or lack of disinterest can be sufficient *(City of Glen Cove v Utilities & Ind. Corp.,* 20 AD2d 575). Special Term could find such to be the case here. There is no merit to appellant's contention that respondent's objection is untimely. Respondent only waived its objection to Baldo's continuance as a commissioner in light of his newly acquired position of City Attorney. It did not consider the subsequent events upon which the instant claim of lack of disinterest is based (cf. *Matter of City of New York [Ave. A],* 66 Misc 488). We find no further basis advanced to disturb Special Term's determination and it should, therefore, be affirmed. Order affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.